UNITED STATES DISTRICT COURT

STATE OF MONTANA

| | |
|---|---|
| Richard Stamey and Valerie Stamey ,<br><br>         Plaintiff,<br>   v.<br><br>Michael Howell, Victoria Howell, and the Bitterroot Star, Inc.<br><br>         Defendants. | Civil Action No. |

## COMPLAINT

Richard and Valerie Stamey ("Plaintiffs") brings this Complaint for libel per se against the Michael Howell, Victoria Howell, and the Bitterroot Star.

## JURISDICTION AND VENUE

1. This Court enjoys subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

2. This Court enjoys personal jurisdiction over the Defendants because the false, malicious and defamatory statements made by Defendants were published in the State of Montana, The Bitterroot Star, Inc., is a close corporation incorporated in Montana, Michael and Victoria Howell are a residents of Montana.

3. This Court enjoys venue under 28 U.S.C. § 1391(a)(2) because all or a substantial portion of the events that gave rise to Plaintiff's claims transpired in Ravalli County, Montana.

## PARTIES

4. Plaintiff, Richard Stamey, is a non-public figure who in 2010 ran for a legislative seat for the State of Montana representing Ravalli County and on February 12, 2014 was a resident of the State of Montana. Mr. Stamey was otherwise a non-public figure and is currently a resident of the state of South Carolina. Richard Stamey is the spouse of Valerie Stamey

5. Plaintiff, Valerie Stamey, is currently a resident of the State of South Carolina. Mrs. Stamey was appointed Treasurer of Ravalli County and assumed office on September 13, 2013. Mrs. Stamey declared her candidacy for Ravalli County Treasurer running as a Republican in January of 2014. Mrs. Stamey was illegally prohibited from performing her official duties beginning on January 23, 2014. On July 23, 2014, the Ravalli County Commissioners voted to stop payment of Mrs. Stamey's salary. Mrs. Stamey shortly thereafter left the State of Montana. Valerie Stamey is the spouse of Richard Stamey.

6. Defendant, Michael Howell, is a resident of the State of Montana. Mr. Howell is the owner and co-operator of the Bitterroot Star, Inc., a close Montana corporation. Mr. Howell is the sole reporter for the Bitterroot Star, Inc. It is believed that Mr. Howell has no formal education in journalism.

7. Defendant, Victoria Howell, is a resident of the State of Montana. Mrs. Howell, is the owner and co-operator of the Bitterroot Star, Inc., a close Montana corporation.

8. Defendant, The Bitterroot Star, Inc., is a close Montana corporation, located in Stevensville, Montana. The Bitterroot Star is owned and operated by Michael and Victoria Howell. The Bitterroot Star is a free weekly paper published every

Wednesday. The weekly publication of the Bitterroot Star is distributed to various locations in Ravalli County, Montana. It is believed that the Bitterroot Star is printed by other printing facilities through contract, and that the Bitterroot Star, Inc. does not own presses of its own for publication.

9. According to the website mondotimes.com, the Bitterroot Star first began publication in 1985 and is listed as having a weekly circulation of 6,822 copies. Source: http://www.mondotimes.com/1/world/us/26/1529/3632

## STATEMENT OF FACTS

8. In 2010, Richard Stamey, ran for a state legislative seat in the Republican Primary against incumbent, Gary McClaren.

9. Valerie Stamey was Richard Stamey's campaign treasurer.

10. On May 23, 2010, Mrs. Stamey contracted with the Bitterroot Star, Inc. to run a two add spot in the paper's publication immediately prior to the June 8, 2010 primary for $125 prepaid.

11. Mrs. Stamey later contacted Bitterroot Star, Inc., increasing the size of the add to four add spots and increasing the cost of the add by $162.00 which was not paid at that time.

12. When the ad was run as agreed prior to the date of the June 8, 2010 primary election the add was defective. The ad was designed as ablack and white print ad. A picture of Mr. Stamey was extremely contrasted and unrecognizable. A light, liberty bell watermark over which text was to be printed was now completely opaque and blocked out the majority of the text of the add.

13. The digital image of the add was formatted for use in newsprint by Allegra Printing in Hamilton, at the suggestion of the Bitterroot Star.

14. The same digital formatted copy of the add was used in another local publication named

the First Edition.  The ad that was published by the First Edition was not defective and printed as intended.

15. The Bitterroot Star did not contact the Stamey campaign and inform them that ad could not print correctly.

16. The ad was published and distributed with the Bitterroot Star on June 2, 2010.

17. Mrs. Stamey contacted the Bitterroot Star on or about June 3, 2010 to complain about the ad.

18. In late June following Mr. unsuccessful primary attempt, Mrs. Stamey contacted and Spoke with Victoria Howell concerning the ad.  Mrs. Howell offered to let Mrs. Stamey run another add for the value of the difference between the prepaid add value of $125 and the additional $162.  Mrs. Stamey informed Mrs. Howell that they had no need of another ad as the primary had passed.  Mrs. Howell agreed that the $162 would be credited against the value on the books of the Bitterroot Star, Inc. of the value of the unpaid $162.  Howellver, Mrs. Stamey continued to receive billing for the defective ad despite the verbal agreement to the contrary.  Despite the agreement the billing continued.

19. Gary McClaren filed a complaint with the Montana Office of Political Practices against the Stamey campaign two to three days' prior the June 8, 2010 primary.  The complaint alleged that the Stamey campaign was late in filing it's campaign report, for failure to inform him of advertisements prior to their publication, and for incorrectly stating his vote of a particular piece of legislation, and some other charges.  The last of the listed complaints has now been held unconstitutional by the Sixth Circuit in a similar case.

20. An agreement was reached with the Office of Political Practices in August, 2011 in which the Stamey Campaign agreed to pay $100 regarding the issue.

21. The Stamey's paid the $100 penalty.

22. Shortly after the payment and agreement the Office of Political Practices found that the amount of campaign income was less than the amount of campaign expenditures in exactly the amount of $162.00.  The amount of money registering a discrepancy of the amount of the value of the defective ad.

23. Mrs. Stamey after being contacted by the Office of Political Practices explained the difference as the amount that had been agreed to have been credited for the defective ad.

24. At the request of the Office of Political Practices Mrs. Stamey again contacted Mrs. Howell at the Bitterroot Star.  Mrs. Howell again agreed that the billing would stop and that the credit would be applied, and this time the billing did stop.

25. Mrs. Stamey then reported back to Kim Trulio at the Office of Political Practices and then was instructed by Ms. Trulio on how to show the adjustment on the campaign finance report.

26. Mrs. Trulio instructed Mrs. Stamey to list the adjustment as an in-kind donation for $125 dollars.

27. On February 12, 2014 the Bitterroot Star, Inc. published an article authored by Michael Howell.   In the article Mr. Howell, alleged that Richard and Valerie Stamey had filed a false campaign report in 2011, and the violation came light (discovered) by Michael Howell while he was investigating the Stamey's political activities in Ravalli County. Michael reports that: "It was discovered that the Stameys had falsely claimed a in-kind donation from the Bitterroot Star as part of their closing campaign finance report."

28. In the article, Mr. Howell references the September 1, 2011 date on which Victoria Howell agreed that she would finally stop billing for the defect ad which did happen and credit the any debt they had outstanding in the matter.  However, Michael Howell and Victoria Howell fail to tell their audience the facts surrounding their breach of this

agreement and of the defective ad.

29. The Defendants also fail to inform the readers of the article that the cessation of the billing coincides with the agreement between Mrs. Stamey and Mrs. Howell.

30. The article states that Mrs. Howell filed an (unsolicited) complaint with the Office of Political Practices. The claims in the complaint are not identified in the article only the result that occurred presented by the decision of the Commissioner of Political Practices.  In that complaint, Mrs. Howell alleges that the Stameys engaged in the criminal offense of false swearing.  Mrs. Howell further claims: "That Valerie Stamey placed a total of 2 advertisements with the Bitterroot Star, 1 for $115 and 1 for $162.75. The payment of $115 was received.  Outstanding balance remains on the Star's Books.

31. Mr. Howell then reports that Victoria Howell, the co-publisher of the Bitterroot Star, states that the debt was never forgiven.

## COUNT I- LIABLE PER SE

32. Plaintiffs incorporates by reference into this Count all of the allegations appearing in paragraphs 1-31 appearing in this Complaint.  Victoria Howell with actual malice, without privilege falsely accused Richard and Valerie Stamey of committing a crime and publishes a reference to her complaint to the Montana Office of Political Practices. Victoria Howe uses her failure to abide by an oral agreement to credit the Richard and Valerie Stamey the value of the defective ad as was agreed against the claimed debt on the books of the Bitterroot Star to falsely, maliciously, and without privilege to accuse Richard and Valerie Stamey of committing the crime of false swearing.

## COUNT II-LIABLE PER SE

33. Plaintiff incorporates by reference into this Count all of the allegations in paragraphs 1-32

appearing in this Complaint.  Michael Howell as the author and co-publisher of the February 12, 2014 article did with knowledge or reckless disregard of the falsity of the accusation and the harm it would cause to the Stameys published in his article a story created by the Howells that is knowingly false and accuses the Stameys of committing the crime of false swearing.

## COUNT III-LIABLE PER SE

34. Plaintiff incorporates by reference into this Count all of the allegations in paragraphs 1-33 appearing in this Complaint.  Defendant, Bitterroot Star, Inc., owned and operated by Michael and Victoria Howell, did on February 12, 2014 publish a knowingly false or reckless account the facts that would cause harm to the Stameys by publishing a story falsely accusing them of the crime of false swearing.

## PRAYER FOR RELIEF

35. Plaintiff demands judgment against Defendants, jointly and severally, as follows: (i) for compensatory damages in the amount of $2 million ($2,000,000) on Count I and $2 million ($2,000,000) on Count II; (ii) punitive damages in the amount of $2 million ($2,000,000) on Count I and $2 million ($2,000,000) on Count II; (iii) both pre-judgment and post-judgment interest on both Counts; and, (iv) such other and further relief as this Court finds just and equitable.

## JURY TRIAL

Plaintiff demands a jury trial.

Respectfully submitted,

/s/
_____
Robert C. Myers
Bar #11434

PO Box 921
Hamilton, MT
Mobile: 406-369-8015
Email: info@montanrap.com