IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RICHARD STAMEY and VALERIE STAMEY, <br><br> Plaintiffs, <br><br> vs. <br><br> MICHAEL HOWELL, VICTORIA HOWELL, and BITTERROOT STAR, <br><br> Defendants. | CV 16–23–M–DLC <br><br><br> ORDER |

Pending before the Court is Defendants' Motion to Compel Discovery (Doc. 34) and Motion for Extension of Time to File Damage Expert Disclosures (Doc. 41). Plaintiffs oppose these motions. Nevertheless, the Court will grant the motions and order Plaintiffs to appear for oral depositions in Montana at a time and place convenient to counsel for Defendants.

As mentioned, Defendants move to compel Plaintiffs Richard and Valerie Stamey to appear for depositions in Montana, the venue in which Plaintiffs filed their Complaint. Plaintiffs oppose the motion and move in return for a protective order allowing them to appear by video teleconference. *See* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from

-1-

annoyance, embarrassment, oppression, or undue burden or expense."). Plaintiffs, who presumably reside in South Carolina,[1] offer three reasons in support of depositions by teleconference: (1) convenience; (2) the possibility that Plaintiff Valerie Stamey will be harassed by the news media at her deposition; and (3) the possibility that the juror pool will be prejudiced by the resulting negative news coverage.

Federal Rule of Civil Procedure 30 allows for deposition by oral questions. Fed. R. Civ. P. 30(a)(1). Generally, a "plaintiff will be required to make himself available for examination in the district in which he has brought suit." *Detweiler Bros., Inc. v. John Graham & Co.*, 412 F.Supp. 416, 422 (E.D. Wash. 1976) (quoting Charles Alan Wright et al., *Federal Practice and Procedure* vol. 8A, §2112, 527–528 (3d ed., West 2012). "The basis for requiring plaintiff to come to the forum for the taking of his or her deposition in most cases is that plaintiff has selected the forum." Wright et al., *Federal Practice and Procedure* at 531. However, this is merely a general rule, "and is not adhered to if plaintiff can show

---

[1] Though Plaintiffs' Second Amended Complaint alleges diversity subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), it fails to expressly name the state in which Plaintiffs reside and only alleges that the parties are "citizens of different states . . . ." (Doc. 27.) Further, a civil cover sheet filed at the time of the original Complaint vaguely states that the Plaintiffs reside in the county of "Grenvile." (Doc. 1-1.) Thus, the record is unclear as to Plaintiffs' exact residence. However, a newspaper article cited in Plaintiffs' response to the Motion for Discovery states that Defendant Valerie Stamey was served with legal papers in South Carolina. (*See* Doc. 37 at 3.) The Court thus presumes that this is Plaintiffs' state of residence.

good cause for not being required to come to the district where the action is pending." *Id*. at 528. Examples of good cause include: (1) the plaintiff is physically or financially unable to come to the forum; (2) undue hardship to the plaintiff; and (3) when it would be simpler and fairer to take the deposition at the plaintiff's place of residence. *Id*. at 528–530.

Here, aside from convenience to the Stameys, the Court finds Plaintiffs' arguments in opposition to the motion to be entirely speculative and lacking in good cause. First, it is unclear to the Court how the news media would learn of the location of Plaintiffs' deposition. Undoubtedly, this information would be kept confidential by the parties. Thus, there is little risk that Plaintiffs will be harassed by the news media at their depositions. Second, any resulting media exposure as a result of this litigation can be dealt with through juror selection and screening. The Court sees no evidence that requiring Plaintiffs to appear for their deposition will prejudice the juror pool. Further, any convenience to the Stameys in allowing their deposition by video conference is outweighed by the benefits of a live deposition. The Court agrees with Defendants that an in-person deposition will allow defense counsel to "evaluate the Plaintiff, facilitate examination of documents and cross-examine without fear that someone outside the view of the camera is prompting answers to questions." (Doc. 40 at 3.) The Court will thus

grant Defendants motion, deny Plaintiffs' motion for a protective order, and compel Plaintiffs Richard and Valerie Stamey to appear for deposition in Montana at a time and place convenient to counsel for Defendants.

Lastly, Defendants also move to extend the time for disclosure of their damage experts. Defendants request an extension of 30 days following Plaintiffs' depositions. The basis for this motion is that, as discussed above, Defendants have been unable to depose Plaintiffs and thus have not yet been able to retain or prepare a damage expert. Consequently, Defendants request that they be allowed to disclose their damage experts 30 days after Plaintiffs have been deposed.

The Court finds good cause for the motion and will grant it. However, the Court stresses that it is only granting an extension for disclosure of Defendants' damages expert. Plaintiffs, who have apparently failed to comply with the Court's deadline of August 1, 2017, for disclosure of Plaintiffs' damages experts (Doc. 33), have not joined in this motion or otherwise moved for an extension to this deadline. Because this deadline has come and gone, and no extension was sought, none will be given to Plaintiffs.

Accordingly, IT IS ORDERED that Defendants' Motion for Discovery (Doc. 34) is GRANTED and Plaintiffs' Motion for a Protective Order (Doc. 37) is DENIED. Plaintiffs Richard and Valerie Stamey are COMPELLED to appear for

oral deposition in Montana at a time and place convenient to counsel for Defendants.

IT IS FURTHER ORDERED that Defendants' Motion for Extension of Time to File Expert Disclosure (Doc. 41) is GRANTED. Defendants shall file their expert disclosure thirty (30) days after Plaintiffs have been deposed.

Dated this 24th day of August, 2017.

_____
Dana L. Christensen, Chief District Judge
United States District Court