IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| RICHARD STAMEY and VALERIE STAMEY, | CV 16–23–M–DLC |
| Plaintiffs, | ORDER |
| vs. | |
| MICHAEL HOWELL, VICTORIA HOWELL, and *BITTERROOT STAR*, | |
| Defendants. | |

Plaintiffs Richard Stamey and Valerie Stamey (collectively, "the Stameys") filed their complaint in this matter on February 11, 2016. (Doc. 1.) Defendants filed a Motion for Summary Judgment on December 15, 2017, (Doc. 44), and a Motion to Strike on December 19, 2017, (Doc. 47). On January 5, 2018, following the disbarment of the Stameys' counsel, this Court gave the Stameys thirty days to either retain new counsel or notify the Court of their intent to represent themselves. (Doc. 50 at 2.) Further, the Court gave the Stameys an extension of time in which to respond to the Defendants' Motion for Summary Judgment and Motion to Strike, ordering that the Stameys must file their responses no later than February

-1-

25, 2018. (*Id.*) Importantly, the Court warned the Stameys that their case may be dismissed for failure to prosecute and that failure to file the ordered responses in time would result in the Court treating the Motion to Strike as well taken and the facts underlying the Motion for Summary Judgment as being undisputed for purposes of that Motion. (*Id.*)

The Stameys complied with the Court's January 5, 2018, Order only to the extent that they notified the Court of their intent to proceed pro se. However, as of the date of this Order, the Stameys have neither filed their responses nor requested an extension of the deadline for their responses. Taking note of this, Defendants filed a Notice and Motion to Dismiss (Doc. 57) alerting the Court of the ripeness of their Motion for Summary Judgment and Motion to Strike. For the following reasons, the Court will grant Defendants' Motion for Summary Judgment.

## DISCUSSION

A party is entitled to summary judgment if it can demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is warranted where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). A party opposing a

properly supported motion for summary judgment "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 256. Only disputes over facts that might affect the outcome of the lawsuit will preclude entry of summary judgment; factual disputes that are irrelevant or unnecessary to the outcome are not considered. *Id.* at 248. In ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. The "mere existence of a scintilla of evidence in support of the plaintiff's position" is insufficient to defeat a properly supported motion for summary judgment. *Id.* at 252. The Ninth Circuit has held that summary judgment "by default" is prohibited even if "there is a complete failure to respond to the motion." *Heinemann v. Satterberg*, 731 F.3d 914, 917 (2013) (quoting Fed. R. Civ. P. 56 Advisory Committee Notes (2010)). However, if there is a failure to respond, a court is permitted to consider the facts in the motion to be undisputed for purposes of the motion. *Id.*

Treating the facts in Defendants' Motion as undisputed, and after reviewing the record in this matter, the Court is satisfied that the merits of this case warrant granting summary judgment in favor of the Defendants. The Stameys' inability to

establish that the newspaper story at issue is false is fatal to their claims for libel. *See Jonas v. Lake Cnty. Leader*, 953 F. Supp. 2d 1117, 1126 (D. Mont. 2013) (quoting *Citizens First Nat'l Bank of Wolf Point v. Moe Motor Co.*, 813 P.2d 400, 404 (Mont. 1991) ("It is well-established that 'truth is a complete defense to a claim of defamation.")). As the Court finds summary judgment is merited in this case, all other pending motions will be denied as moot. Accordingly,

IT IS ORDERED that Defendants' Motion for Summary Judgment (Doc. 44) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion to Strike (Doc. 47), Motion in Limine (Doc. 51), and Notice and Motion to Dismiss (Doc. 57), as well as Plaintiffs' Memo Requesting Extension in Response to Motion in Limine (Doc. 56) are DENIED AS MOOT.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter judgment in this case in favor of Defendants in this case.

DATED this 13th day of March, 2018.

Dana L. Christensen, Chief Judge
United States District Court